SUMNA REALTY COMPANY, PLAINTIFF-APPELLANT, v. CAPITAL CHAIR COMPANY, DEFENDANT-APPELLEE.

Submitted May 18, 1930—Decided March 5, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Haines & Chanalis* and *Patrick J. Maloney*.

For the appellee, *Goldberg & Goldberg*.

PER CURIAM.

Suit was brought to recover a sum of money as rental under a lease between the parties hereto, the plaintiff being the landlord and the defendant the tenant. The pertinent part of the lease is contained in paragraph 10 which provides that in the event of fire which so badly damaged the property that it cannot be repaired within sixty days from the happening of such injury, that the lease shall cease, but that if

the premises be repairable within sixty days the lessor shall enter and repair the same with all reasonable speed, and rent shall not accrue after said injury or while repairs are being made, but shall recommence immediately after the premises have been completed.

A fire occurred on April 11th, 1929. Plaintiff offered testimony that he requested the defendant to remove the furniture belonging to defendant in order to allow the necessary repairs. Defendant did not remove the furniture, neither that damaged nor that not substantially damaged. It further appears that the plaintiff did not make any major repairs until the early part of June and that thirty-five days were required to complete the work. Defendant denies that it ever refused to remove the furniture. The court held that there was no question of fact because the repairs were not finished within the sixty days from the date of the fire; that there was no testimony that the defendant hindered or obstructed the making of the repairs; that the repairs not being made, there was no question of fact and the defendant was entitled to a verdict.

We are of opinion that the trial judge erred in holding there was no disputed question of fact for the determination of the jury. There was testimony that the defendant did not clear the floors so that the repairs might be made. The testimony is that only thirty-five days were required to complete the repairs, therefore the lease was not terminated but only suspended. The defendant cannot avail itself of its refusal to make repairs possible. In other words, it could not make it impossible for the landlord to comply with the provisions of the lease, and then have the advantage of such failure. *Chausmer* v. *Arons*, 7 *N. J. Mis. R.* 612. It was for the jury to determine from the disputed evidence whether the defendant had prevented the plaintiff from making the repairs by refusing to clear the floors.

The judgment is reversed and a new trial granted.